DAVID et al. v. HARRIS.

(Circuit Court of Appeals, Second Circuit.  May 12, 1913.)

No. 217.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SWEATER.

    The Weinschenk patent, No. 925,146, for improvements in sweaters, consisting of the attachment to a low-necked sweater of two infolding lapels and a collar, which can be turned up to convert it into a high-necked sweater, discloses patentable invention, and is entitled to a reasonable range of equivalents; also *held* infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Emanuel David and Samuel Weinschenk, copartners under the firm name and style of Hy-Lo Knitting Company, against Morris Harris. Decree for defendant, and complainants appeal. Reversed.

On appeal from a decree of the District Court for the Southern District of New York dismissing the bill which was based on letters patent No. 925,146 granted June 15, 1909, for improvements in sweaters.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Briesen & Knauth and Eugene Eble, all of New York City, for appellants.

Otto A. Samuels, of New York City, and J. William Ellis, of Buffalo, N. Y., for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The principal defense is that the defendant does not infringe the claims when they are limited as required by the prior art.

The patent covers an ingenious garment which combines two features of the prior art which were previously embodied in separate garments. It can be used as a low-necked sweater in mild, pleasant weather and as a high-necked sweater in cold and stormy weather. Or the wearer, after using the low-necked garment while exercising, can turn up the collar to avoid catching cold. This result is accomplished by placing upon the collarless low-necked sweater two lapels, and an invertible collar secured and concealed within the garment when it is used as a low-necked sweater, but so arranged that it can be turned up and used as a high collar in connection with the lapels.

The patented feature is an exceedingly simple device, but it involves considerable ingenuity and is evidently popular with the trade and with buyers. It is not found in the prior art. Somewhat similar attempts were made in coats and shirts, but we cannot find that the idea had occurred to any one, prior to Weinschenk, to convert a sweater into a garment capable of two such uses accomplished by such easy transformation.

The fact that the defendant is making his sweaters under a subsequent patent to Rautenberg makes the defense of lack of novelty and invention come with rather poor grace from one who is asserting that even after the complainants' patent there was still room for invention.

The defendant's sweater, when in actual use, is, in all essentials, the same as complainants', the only difference being that in the former the so-called lapels are attached to the concealed collar, and not to the front of the sweater where they are turned over to give the low neck effect as in Fig. 1 of the complainants' patent.

We think that the patent is entitled to a reasonable range of equivalents and that the parts marked $YY$ in red, on the Rautenberg drawing (Fig. 5) are the equivalents of the parts similarly marked on the patent in suit. This is practically admitted by the defendant's expert, Mr. Dorsey, who says:

"These extensions ($YY$) do perform the function explicitly ascribed to the lapels of the patent in suit."

All that is necessary to make the two structures identical in function is to remove the lapels from the sweater and sew them upon the disappearing collar.

The questions whether the patented sweater involves invention and whether the claims are infringed are not entirely free from doubt upon the proof, but we are inclined to answer them in favor of the complainants, first, because of the presumption arising from the grant of

the patent; second, because the prior art shows many attempts to accomplish the same result without success; and third, because it seems quite inconsistent for one who is operating under the Rautenberg patent to deny patentability to the Weinschenk sweater. Regarding infringement, the only difference between .the two structures has been pointed out, and, if the complainants are entitled to invoke the doctrine of equivalents at all, the claims of their patent must cover the slight change in the location of the lapels introduced by the defendant.

The complainants called no expert witness and their course in this respect is to be commended. The improvement of the patent is within such narrow limits and is so plain and simple that an examination of the garments made under the various patents in evidence furnishes all the proof required as to the nature and scope of the invention.

The decree is reversed with costs.