## WITZEL et al. v. BERMAN.

(Circuit Court of Appeals, Second Circuit. February 10, 1914.)

### No. 150.

1. PATENTS (§ 328*)—VALIDITY—BED SPRINGS—MATTRESS HOLDER.
   Witzel patent, No. 921,494, reissued June 28, 1910, reissue patent, No. 13,125, claims 7, 10, 13, 14, 19, 20, 21, 22, 23, and 24, for a device to prevent the slipping of mattresses on wire bed springs, *held* to involve patentable invention and to be valid and infringed.

2. PATENTS (§ 138*)—REISSUE—RIGHT TO REISSUE.
   Where no adverse rights have been acquired in the meantime, a patentee *held* entitled to a reissue on application made about a month after the grant of the original to correct inadequate claims which were filed through no fault of his.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 201–203; Dec. Dig. § 138.*]

3. PATENTS (§ 324*)—PATENT INFRINGEMENT—ANTICIPATION.
   Alleged prior anticipating patents may not be introduced for the first time in the appellate court on appeal from a decree for infringement, with no explanation regarding them, except from counsel at the argument and in its brief.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600–606; Dec. Dig. § 324.*]

Appeal from the District Court of the United States for the Southern District of New York.

The decree of the District Court of the United States (212 Fed. 447) for the Southern District of New York held valid and infringed claims 7, 10, 13, 14, 19, 20, 21, 22, 23, and 24 of reissued letters patent

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No. 13,125 to Charles J. Witzel for improvements in wire mattresses. The original patent, No. 921,494, was dated May 11, 1909. The application for the reissue was filed June 12, 1909, and the patent was reissued June 28, 1910.

Samuel Brand and Edward S. Beach, both of New York City, for appellant.

C. A. Weed, of New York City, for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. [1] The object which Witzel sought to accomplish was a simple one, viz., to prevent the upper mattress filled with hair, or other similar material, from slipping on the wire mattress, so that it projects beyond the latter and presents a slovenly and unsightly appearance, besides losing its shape. To remedy these unquestioned defects Witzel provides longitudinal guards on both sides of the mattress which are bent up so as to hold the hair mattress in place. This is accomplished by providing metallic side guards extending on both sides along the longitudinal edges of the bottom and bent up so as to hold the hair mattress in position. This seems a simple problem to solve, but the exhibits and patents in evidence show several efforts to solve it and all of a crude, unsatisfactory form. These exhibits when aggregated may possibly show the separate elements of the Witzel claims, but nowhere in the prior art are these elements shown in combination. A mechanic with all this matter before him would probably make a mattress with sides so high that the occupant could not get out of it without assistance, or with side supports so insecurely fastened that the hair mattress would break them down or slide beneath them after a short period of use. We agree with Judge Mayer in thinking that there is nothing in the prior art as shown by the record before him which invalidates or materially limits the claims. We also think that infringement was clearly established. As the District Judge points out, the defendant has adopted the Witzel structure rather than that of his own patent which was granted eight months after the patent in suit. In fact, it is asserted, and not denied, that in the court below the defendant stated in his brief, "that the function and purpose of the defendant's side guard, we admit, is the same substantially as the complainant's."

It is also asserted that no attack was made in the court below upon the Witzel patent as a reissue.

[2] The description and drawings are the same in the original and reissue. The latter was applied for about a month after the grant of the original. No adverse rights were acquired by the public in the meantime and it seems to us that the action of the commissioner in granting a reissue with claims which cover only what Witzel invented is not open to criticism. It will be a disastrous blow to meritorious inventors if they cannot obtain the full fruits of their inventions because, through no fault of theirs, they fail to secure adequate claims, especially when they ask for the correction before the public has acquired any rights by reason of the mistake.

[3] Upon the question of invention we do not agree entirely with the optimistic view of the complainant that "it is the greatest invention in springs during the last 37 years." Nevertheless Witzel seems to be the first who held the hair mattress securely and firmly in place on the wire mattress and in view of the bungling and clumsy devices of the prior art, it cannot be denied that the patented structure required an exercise of the inventive faculties. The defendant now places his principal reliance upon eleven patents not cited in the answer or offered in evidence or referred to in the District Court. In support of this practice the doctrine of Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200, is invoked. We do not think that this case is an authority for the practice which is now under consideration. The Supreme Court held that it might properly take notice of a device—an ice cream freezer—which had long been known and used generally by the people throughout the country. We think, however, that no authority can be found for the introduction for the first time in an appellate court of eleven patents dealing with a complicated structure, with no word of explanation regarding them except from counsel at the argument and in the brief. The duty of an appellate court is to ascertain whether the court below has fallen into error and it would be manifestly unfair to the appellee and to the judge to reverse his decree upon documents which were not in evidence and which he never saw.

The decree is affirmed with costs.