FLIGEL et al. v. SEARS, ROEBUCK & CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

No. 35.

1. PATENTS ⬗328—CONSTRUCTION—VALIDITY.

Patent No. 1,099,031, for a waterproof garment, including a cape and hood, with the hood having a front band capable of folding forward to constitute a visor when hood is up, and capable of contraction and fastening to give the appearance of a military collar when hood is down, *held* valid, and to disclose invention, in view of the ingenuity and popularity of the device.

2. PATENTS ⬗328—CONSTRUCTION—INFRINGEMENT.

Patent No. 1,099,031, a waterproof garment, including a cape and hood, *held* not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bill by Bernard I. Fligel and Mitchell Fligel, copartners doing business as Fligel & Son, against Sears, Roebuck & Co. From a decree dismissing the bill, complainants appeal. Affirmed.

Munn, Anderson & Munn, of New York City (T. Hart Anderson, of New York City, of counsel), for appellants.

Duell, Warfield & Duell, of New York City (C. H. Duell, F. P. Warfield, and L. A. Watson, all of New York City, of counsel), for appellees.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge. [1] The patent in suit, No. 1,099,031, was for a waterproof garment, including a cape and hood, with the hood having a front band capable of folding forward to constitute a visor when the hood is up, and capable of contraction and fastening to give the appearance of a military collar when the hood is down. The defendants, a large mail-order house, do not manufacture, but sold the alleged infringing garments, which were manufactured by another. The District Judge held there was no invention and no infringement. We disagree with his conclusion that there was no invention but agree with him that the defendants' garment, as made up and sold, did not infringe the plaintiffs' patent.

The testimony showing the various devices of the prior art does not indicate a hood provided with a convertible collar, which, when the hood is over the head, provides a shade, or, when allowed to fall in a dependent position at the back, constitutes a finish having the effect of a military collar. The patentee placed on this hood a band, which, when the hood is down, is used as a standing collar about the neck, which had never been applied to hoods attached to capes. This band has been referred to in the trade as the "Billey Burke" band. The type of hoods on raincoats used theretofore, when attached to the cape, were elastic about the front edge, and this so as to accommodate the size of the head and make the cape adjustable therefor. It was not practical to have the attached collar, as provided by the patent in suit, entirely elastic, for this would destroy the appearance and the idea of its function as a collar. It resulted in the patentee making the collar shorter than the hood, and for the space between the ends of the band or collar and the edge of the hood were inserted elastic sections. This afforded a smooth collar, which could provide for the military effect when down, and at the same time retain the elasticity of the hood and thus secure the fit. There was this novelty presented, and the inventor, during the period of three years, sold many thousands of these garments. While this construction is within a limited scope and may be of minor importance, yet it added this novelty and resulted in considerable sales. Its ingenuity and popularity warrants the sustaining of the patent.

In Greenwald Bros. v. La Vogue Petticoat Co., 226 Fed. 449, 141 C. C. A. 278, this court sustained a patent for a petticoat, where the novelty consisted only in the application of an elastic waistband and a knitted hip portion to a woven skirt portion. And again in Witzel v.

Berman, 212 Fed. 734, 129 C. C. A. 344, this court sustained a patent for a wire mattress having along its longitudinal edges a spring guard to hold the upper mattress in place. And in David et al. v. Harris, 206 Fed. 902, 124 C. C. A. 477, a patent for improvements in sweaters, consisting of an attachment to a low-necked sweater of two enfolding lapels and a collar which could be turned up to convert it into a high-necked sweater, was sustained. These cases follow the reasoning and law in the case of the Barbed Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450, 36 L. Ed. 154.

[2] The conception of a convertible collar and band as a desirable adjunct to a rain cape, and the inserting of an elastic whereby it could be applied to a rain cape, embodied inventive thought. The defendant's rain capes do not comprise a convertible military collar; indeed, it is in no way made apparent that it was ever the intention of the defendant to use the collar and hood as such. The band upon the defendant's cape is sewed down and fastened by buttons, and, in order to bring forward the band, it would be necessary to unstitch and alter the structure of the garment. The band appears to be a piece of decorative trimming, and, in its condition when sold, does not seem capable of manipulation to serve either the function of drawing forward to extend the hood as a bonnet, or of so contracting it when let down at the shoulders as to provide a military collar. It would require some strap, either of elastic or cloth, to bring the ends of the band together about the front of the neck, so as to hold the collar upright and tend to give the military effect.

No such strap or band is sold with the garment, and no instructions seem to have been given that such use might be made of the defendant's garment, or result produced, and no evidence is adduced that any such use was ever made of it. The defendant's present garment, as marketed by it, omits these features which give novelty and popularity. The band about the hood of defendant's garment constitutes decorative trimming and serves no functional purpose. It is a type of rainproof garment which was old in the art, and at least not such an article of wearing apparel as infringes the complainant's patent.

Judgment affirmed.